IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TE-MOAK TRIBE OF WESTERN SHOSHONE INDIANS, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05cv02500-RCL |
| | ) | |
| P. LYNN SCARLETT,[1] Acting Secretary of the Interior, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ANSWER

P. Lynn Scarlett, Acting Secretary of the Interior ("Interior"), and John W. Snow, Secretary of the Treasury ("Treasury") (collectively, the "Defendants"), submit the following Answer to the Complaint. The numbered paragraphs of the Answer correspond to the numbered paragraphs of the Complaint:

1.      The allegations in Paragraph 1 contains Plaintiff's characterization of its case to which no response is required.

## PARTIES

2.      Defendants admit the allegations contained in Paragraph 2.

3.      As to the allegations in Paragraph 3, Defendants deny that Gale A. Norton is the Secretary of the Interior and aver that P. Lyn Scarlett is the Acting Secretary of the Interior. The remaining allegations are conclusions of law to which no response is required.

4.      As to the allegations of Paragraph 4, Defendants admit that John W. Snow is the

_____

[1]      P. Lynn Scarlett is the Acting Secretary of the Interior. Therefore, under Fed. R. Civ. P. 25(d)(1), she is automatically substituted for former Secretary Gale Norton.

Secretary of the Treasury.  The remaining allegations are conclusions of law to which no response is required.

## JURISDICTION AND VENUE

5.    Paragraph 5 contains Plaintiff's characterizations and conclusions of law to which no response is required.

6.    Paragraph 6 contains Plaintiff's characterizations and conclusions of law to which no response is required.

## BACKGROUND

7.    Defendants respond to the allegations in Paragraph 7 as follows:

a.    Defendants admit that Battle Mountain Colony Reservation, as established by Executive Order on June 18, 1971, consisted of 677.05 acres; that an Act of Congress on August 21, 1967, added an additional 6.25 acres; that the Battle Colony Reservation is trust land occupied by Plaintiff; and that, currently, the total amount of acreage is 683.3 acres;

b.    Defendants deny the allegations of this sub-paragraph and aver that the Elko Colony Reservation was established by Executive Order on March 23, 1918; that it is trust land occupied by Plaintiff; and that it consists of 192.80 noncontiguous acres;

c.    Defendants deny the allegations of this sub-paragraph and aver that the South Fork Reservation was originally established by the Proclamation of February 8, 1941, in accordance with the provisions of the 1934 Indian Reorganization Act; that it is trust land occupied by Plaintiff; and that it currently consists of 15,036.56 acres; and

d.    Defendants admit the Wells Colony Reservation consists of 80 acres and that it is trust land occupied by Plaintiff; deny the remaining allegations; and aver that the Wells Colony

Reservation was established by the Act of October 15, 1977, P.L. 95-133 (91 Stat. 1158).

8.    Paragraph 8 contains Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute provides the complete statement of its contents and speaks for itself.

9.    Paragraph 9 contains Plaintiff's characterizations and conclusions of law to which no response is required. The cited Acts of Congress provide the complete statement of their contents and speak for themselves.

10.    As to the allegations in the first sentence of Paragraph 10, Defendants deny that Interior has assumed exclusive control and management over the trust property of Plaintiff. Further, Defendants deny that Treasury has assumed control and management over the trust property of Plaintiff. As to the allegations in the second sentence, Defendants admit that Interior has approved leases, easements, and other conveyances of interests in lands on Reservation lands that are held in trust for Plaintiff. As to the remaining allegations in the second sentence, Defendants aver that the responsibilities regarding collection, deposit, or investment of income generated by those lands are defined by the provisions of, and regulations implementing, statutes, such as the American Indian Trust Fund Management Reform Act of 1994, Pub. L. No. 103-412, § 103(a), 108 Stat. 4239, 4241 (codified at 25 U.S.C. §§ 4001-61 (1994)), which contain a compete statement of their contents and speak for themselves. As to the allegations in the third sentence, Defendants admit that income generated by Plaintiff's trust lands includes funds generated by rents, grazing and agricultural leases, and judgments paid to Plaintiff, and they deny the remaining allegations. Defendants deny this action can be maintained as a class action, and therefore, Defendants deny the allegations in the fourth sentence.

11.     Paragraph 11 contains Plaintiff's characterizations and conclusions of law to which no response is required.  The cited court opinions provide the complete statement of their contents and speak for themselves.

12.     Paragraph 12 contains Plaintiff's characterizations and conclusions of law to which no response is required.

13.     Paragraph 13 contains Plaintiff's characterizations and conclusions of law to which no response is required.

14.     Paragraph 14 contains Plaintiff's characterizations and conclusions of law to which no response is required.  Defendants aver that Treasury has no responsibility for the administration and management of Plaintiff's trust property.

15.     The allegations contained in the first sentence of Paragraph 15 are broad, vague and ambiguous, and, Defendants thus are unable to formulate a response thereto.  Notwithstanding the foregoing, Defendants deny the allegations contained in the first sentence and aver that Defendants do not control "all the books and records of account affecting trust funds and trust property."  As to the allegations in the second and third sentences, Defendants aver that the term "accounting," as used by Plaintiff, is vague and ambiguous, thus precluding Defendants from formulating a response thereto, see, e.g., Bogert & Bogert, Trusts and Trustees (rev. 2d ed. 1982), §§ 965-968. Notwithstanding the foregoing, Defendants deny the allegations relating to the Plaintiff.  Defendants aver that Interior has furnished and/or continue to furnish Plaintiff with financial and accounting data and documentation, including, from approximately 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Te-Moak Bands of Western Shoshone

- 4 -

Indians" for Fiscal Years 1973-1992 (hereinafter "Agreed-Upon Procedures and Findings Report"),

which set forth the results of Defendants' project to reconcile Plaintiff's trust accounts for Fiscal

Years 1973-1992; and from 1995 to the present, periodic statements of accounts or performance for

Plaintiff's trust fund monies that were received by Defendants.  Defendants aver that Interior has

furnished Plaintiff with financial and accounting data and documentation as part of a judgment or

settlement in satisfaction of Plaintiff's accounting claims in, e.g., Te-Moak Bands of Western

Shoshone Indians v. United States, 23 Ind. Cl. Comm. 70, Docket No. 326-A (1970);  Te-Moak

Bands of Western Shoshone Indians v. United States, 18 Cl. Ct. 74, Docket No. 326-A (1989);

Te-Moak Bands of Western Shoshone Indians v. United States, 23 Cl. Ct. 435, Docket No. 326-A-1

(1991).  Further, Defendants aver that Treasury has no obligation to provide an accounting to

Plaintiff.  In addition, Defendants deny this action can be maintained as a class action, and therefore,

Defendants deny the allegations in the second and third sentences relating to the alleged members

of the Plaintiff class.  Defendants deny the allegations in the fourth sentence.

      16.     Paragraph 16 contains Plaintiff's characterizations of the document entitled Misplaced

Trust, Bureau of Indian Affairs Mismanagement of the Indian Trust Fund, H.R. Rept. No. 102-499,

102nd Cong. 2d Sess. (1992), to which no response is required.  The cited document contains a

complete statement of its contents and speaks for itself.

      17.     As to the allegations in the first sentence of Paragraph 17, Defendants admit that the

Agreed-Upon Procedures and Findings Report identified certain errors in Plaintiff's trust fund

accounts, and Defendants lack information and knowledge sufficient to admit or deny that any errors

resulted from the mismanagement of trust funds.  Defendants deny this action can be maintained as

a class action, and therefore, Defendants deny the allegations in the first sentence relating to the

alleged other members of the class.  As to the allegations in the second sentence, the term "accounting," as used by Plaintiff is vague and ambiguous, thus precluding Defendants from formulating a response thereto, see, e.g., Bogert & Bogert, Trusts and Trustees (rev. 2d ed. 1982), §§ 965-968.  Notwithstanding the foregoing, Defendants aver that Interior has furnished and/or continues to furnish Plaintiff with financial and accounting data and documentation, including, from approximately 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; in 1996, the Agreed-Upon Procedures and Findings Report; and from 1995 to the present, periodic statements of performance for Plaintiff's trust fund monies that were received by Defendants. Further, Defendants aver that Interior has furnished Plaintiff with financial and accounting data and documentation as part of a judgment or settlement in satisfaction of Plaintiff's accounting claims in, e.g., Te-Moak Bands of Western Shoshone Indians, 23 Ind. Cl. Comm. 70, Docket No. 326-A (1970);  Te-Moak Bands of Western Shoshone Indians, 18 Cl. Ct. 74, Docket No. 326-A (1989); Te-Moak Bands of Western Shoshone Indians, 23 Cl. Ct. 435, Docket No. 326-A-1 (1991). Defendants aver that Treasury has no obligation to provide an accounting to Plaintiff.  Further, Defendants deny this action can be maintained as a class action, and therefore, Defendants deny the allegations in the second sentence relating to the alleged class.  The remaining allegations in the second sentence are Plaintiff's characterizations of the document, Misplaced Trust, Bureau of Indian Affairs Mismanagement of the Indian Trust Fund, H.R. Rept. No. 102-499, 102nd Cong. 2d Sess. (1992), to which no response is required, as that document contains a complete statement of its contents and speaks for itself.

18.    Paragraph 18 contains Plaintiff's characterizations and conclusions of law to which no response is required.  The cited Acts of Congress provide a complete statement of their contents

and speak for themselves.

19.     Paragraph 19 contains Plaintiff's characterizations of various Acts of Congress to which no response is required.  The cited Acts of Congress provide a complete statement of their contents and speak for themselves.

20.     Defendants admit the allegations in the first sentence of Paragraph 20.  The remaining allegations contain Plaintiff's characterizations and conclusions of law to which no response is required.  The cited statutes provide the complete statement of their contents and speak for themselves.  Defendants aver that Treasury does not have an obligation to provide an accounting of trust funds to tribal and individual Indian beneficiaries.

21.     Paragraph 21 contains Plaintiff's characterizations and conclusions of law to which no response is required.  The cited reports and court opinions provide a complete statement of their contents and speak for themselves.

22.     As to the allegations in Paragraph 22, Defendants aver that the term "accounting," as used by Plaintiff, is vague and ambiguous, thus precluding Defendants from formulating a response thereto, see, e.g., Bogert & Bogert, Trusts and Trustees (rev. 2d ed. 1982), §§ 965-968. Notwithstanding the foregoing, as to the allegations relating to the Plaintiff, Defendants aver that Interior has furnished and/or continues to furnish Plaintiff with financial and accounting data and documentation, including, from approximately 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; the Agreed-Upon Procedures and Findings Report; and from 1995 to the present, periodic statements of performance for Plaintiff's trust fund monies that were received by Defendants.  Defendants aver that Interior has furnished Plaintiff with financial and accounting data and documentation as part of a judgment or settlement in satisfaction of certain accounting claims

in, e.g., Te-Moak Bands of Western Shoshone Indians, 23 Ind. Cl. Comm. 70, Docket No. 326-A

(1970); Te-Moak Bands of Western Shoshone Indians, 18 Cl. Ct. 74, Docket No. 326-A (1989);

Te-Moak Bands of Western Shoshone Indians, 23 Cl. Ct. 435, Docket No. 326-A-1 (1991). Further,

Defendants aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's

trust funds. Defendants deny that this action can be maintained as a class action, and therefore,

Defendants deny the allegations in the second sentence relating to the alleged other members of the

class.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

23.      Paragraph 23 contains Plaintiff's characterization of its case and conclusions of law,

to which no response is required. To the extent that a response is required, Defendants deny that

Plaintiff satisfies the requirements necessary to maintain a class action.

24.      Allegations about numerosity: Paragraph 24 contains Plaintiff's characterization of

its case and conclusions of law, to which no response is required. To the extent that a response is

required, Defendants deny that this action can be maintained as a class action.

25.      Allegations about common questions: Paragraph 25 contains Plaintiff's

characterizations and conclusions of law to which no response is required. To the extent that a

response is required, Defendants deny there are questions of law and fact common to the alleged

class, and therefore, Defendants deny that this action can be maintained as a class action.

26.      Allegations about typicality: Paragraph 26 contains Plaintiff's characterizations and

conclusions of law to which no response is required. To the extent that a response is required,

Defendants deny that the claims of Plaintiff and the alleged "all other members of the class" are

based on the same legal theory, and arise from the same practices and course of conduct of the

Defendants, and therefore Defendants deny that this action can be maintained as a class action.

27.    <u>Allegations about fair and adequate representation</u>:  As to the allegations in the first sentence of Paragraph 27, Defendants admit that Plaintiff is the beneficiary of certain trust obligations as the owner of a trust account held by the United States.  The remaining allegations in the first sentence are Plaintiff's characterizations and conclusions of law to which no response is required.  As to the allegations in the second, third, and fourth sentences, Defendants admit that Plaintiff's counsel represent several other Tribes in litigation currently pending in the United States District Court for the District of Columbia and in the United States Court of Federal Claims.  The remaining allegations are Plaintiff's characterizations and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff's counsel satisfies the "fair and adequate representation" requirement, and therefore, Defendants deny that this action can be maintained as a class action.

28.    <u>Allegations about risk of inconsistent or varying adjudication</u>:  As to the allegations in the first sentence of Paragraph 28, Defendants deny that all Tribal trust accounts are held for the beneficiaries on the same basis and are subject to the same obligations and responsibilities of the United States and Defendants.  The remaining allegations in the first sentence are Plaintiff's characterizations and conclusions of law to which no response is required.  As to the allegations in the second sentence, Defendants admit that funds in Tribal trust accounts are held by the United States, and they deny the remaining allegations.  Defendants deny the allegations in the third sentence.  The allegations in the fourth sentence are Plaintiff's characterizations and conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations.  Further, Defendants deny that this action can be maintained as a class action.

## COUNT I
## <u>DECLARATORY JUDGMENT</u>

29.     Defendants incorporate by reference herein their responses to the allegations in Paragraphs 1 through 28 above.

30.     Paragraph 30 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that this action can be maintained as a class action, and therefore, Defendants deny the allegations relating to the alleged Plaintiff class.

31.     As to the allegations in Paragraph 31, Defendants aver that the term "accounting," as used by Plaintiff, is vague and ambiguous, thus precluding Defendants from formulating a response thereto, <u>see</u>, <u>e.g.</u>, Bogert & Bogert, <u>Trusts and Trustees</u> (rev. 2d ed. 1982), §§ 965-968. Notwithstanding the foregoing, Defendants aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's trust funds.  The remaining allegations are conclusions of law to which no response is required.   To the extent a response is required, Defendants deny that this action can be maintained as a class action, and therefore, Defendants deny the allegations relating to the alleged Plaintiff class.

32.     As to the allegations in Paragraph 32, Defendants aver that the term "accounting," as used by Plaintiff, is vague and ambiguous, thus precluding Defendants from formulating a response thereto, <u>see</u>, <u>e.g.</u>, Bogert & Bogert, <u>Trusts and Trustees</u> (rev. 2d ed. 1982), §§ 965-968. Notwithstanding the foregoing, the Defendants aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's trust funds.  The remaining allegations are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny this action can be maintained as a class action, and therefore, Defendants deny the allegations relating to the alleged Plaintiff class.

33. Paragraph 33 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny this action can be maintained as a class action, and therefore, Defendants deny the allegations relating to the alleged Plaintiff class.  In addition, Defendants aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's trust funds.

## COUNT II
## INJUNCTIVE RELIEF

34. Defendants incorporate by reference herein their responses to the allegations in paragraphs 1 through 34 above.

35. As to the allegations in Paragraph 35, Defendants aver that the terms "complete and accurate accountings" and "proper accounting," as used by Plaintiff, are vague and ambiguous, thus precluding Defendants from formulating a response thereto, see, e.g., Bogert & Bogert, Trusts and Trustees (rev. 2d ed. 1982), §§ 965-968.  Notwithstanding the foregoing, Defendants aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's trust funds.  The remaining allegations are Plaintiff's characterizations and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny this action can be maintained as a class action, and therefore, Defendants deny the allegations relating to the alleged Plaintiff class.

36. Paragraph 36 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny this action can be maintained as a class action, and therefore, Defendants deny the allegations relating to the alleged Plaintiff class.  In addition, Defendants aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's trust funds.   In addition, Defendants aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's trust funds.

The remainder of the Complaint is Plaintiff's request for relief to which no response is required.

## **GENERAL DENIAL**

Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2501.

2.      To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat.1049, as amended (formerly 25 U.S.C. §§ 70 et seq.).

3.      Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches and equitable estoppel.

4.      To the extent that Plaintiff asserts claims that it or its privies asserted or could have asserted in a prior adjudication in which a court of competent jurisdiction entered a final judgment, those claims are barred, in whole or in part, by the doctrines of *res judicata* and/or *collateral estoppel*.

5.      Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 26th day of April, 2006,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General

/s/ *Anthony P. Hoang*
ANTHONY P. HOANG, FL Bar #798193
MARTIN J. LALONDE, IL Bar #6218249

- 12 -

JENNIFER L. ALLAIRE, NJ Bar #4419-2002
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0247
Tel: (202) 305-0456
Fax: (202) 353-2021

Attorneys for Defendants

OF COUNSEL:

STEPHEN SIMPSON
KENNETH DALTON
Office of the Solicitor
United States Department of the Interior
Washington, D.C.  20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C.  20240

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing ANSWER was served on April

26, 2006, by Electronic Case Filing or by regular United States mail, first-class postage pre-paid,

and telefax or electronic mail, unless otherwise noted below, on the following counsel:

Jeffrey M. Herman
Stuart S. Mermelstein
HERMAN & MERMELSTEIN, P.A.
18205 Biscayne Boulevard, Suite 2218
Miami, FL 33160
Fax: (305) 931-0877

Albert A. Foster
DILLINGHAM & MURPHY, LLP
1155 Connecticut Avenue, N.W., Suite 1120
Washington, D.C. 20036-3419
Fax: (202) 835-9885

*/s/ Anthony P. Hoang*
ANTHONY P. HOANG

- 14 -