IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TE-MOAK TRIBE OF | ) | |
| WESTERN SHOSHONE INDIANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:05cv02500-JR |
| | ) | |
| DIRK KEMPTHORNE, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PARTIES' JOINT MOTION FOR CERTAIN RELIEF,
AND [PROPOSED] ORDER**

Pursuant to Rule 7 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Local Court Rule ("LCvR") 16.3(c)(5), Plaintiff Te-Moak Tribe of Western Shoshone Indians and Defendants Dirk Kempthorne, et al., (collectively, the "Parties"), through undersigned counsel, hereby jointly and respectfully request that the Court issue an order, <u>inter alia</u>, temporarily staying the litigation of this case; administratively closing the case, until further order of the Court, so that the parties can continue their settlement negotiations and associated work; and directing the parties to file a joint status report every 120 days.  The grounds for this joint motion are as follows:

1.    Plaintiff filed this action for declaratory judgment and an accounting pertaining to Defendants' fiduciary duties and trust obligations on December 30, 2005. Defendants timely filed an Answer on April 24, 2006.

2.    By minute order dated April 17, 2008, the Court instructed the Parties to meet and confer on or before May 19, 2008, and to file a joint status report and proposed scheduling order(s), pursuant to LCvR 16.3 and Fed. R. Civ. P. 26, on or before June 2, 2008.

3.      Counsel for the Parties conducted their conference by telephone on May 19, 2008, in accordance with the Court's order.  During that conference, counsel for the Parties reaffirmed that the Parties have been (since the commencement of this case) and continue to be interested in undertaking informal settlement discussions in an attempt to resolve the claims and issues raised by Plaintiff in the case, without the need for protracted litigation.  Such a settlement, if possible, would avoid any undue burden on the Court, as well as the unnecessary expense of time, resources, and effort by the Parties in litigating the case and by the Court in adjudicating it.  For those reasons, counsel for the Parties agreed to make this joint motion for administrative closure so the case can be removed from the Court's active case docket and the parties can conduct informal discovery, as well as settlement negotiations, without having to address impending court deadlines.  Additionally, counsel for the Parties agreed that they would file joint status reports, every 120 days, so as to inform the Court about the progress of their settlement discussions.  Also, counsel agreed that, in the event that the Parties cannot come to an agreement regarding settlement, one or both of the parties could notify the Court so that the case may be reinstated on the Court's active docket for litigation.

4.      Although others among the 37 Tribal trust accounting and trust mismanagement cases pending in this Court have been administratively closed while the parties engage in settlement efforts, the present action has not previously been administratively stayed.

5.      The Parties have begun their efforts regarding their informal resolution process.  Counsel for the Parties are conferring about an appropriate schedule for, among other things, Plaintiff to make informal requests for documents and data; for Defendants to respond thereto; Plaintiff to provide Defendants with a settlement offer; and the parties

to undertake settlement discussions.

6.      Based on the foregoing, the parties jointly and respectfully move for the entry of an order granting the following relief:

a.      Temporarily staying the litigation of this case;

b.      Administratively closing the case, until further order of the Court, so the parties can undertake their informal settlement process and associated work;

c.      Directing the parties to file a joint status report every 120 days, starting from the date of the issuance of the Court's order;

d.      Allowing the litigation to be reinstated by notice from either party or both parties at any time in the event that either or both parties believe they are unable to make further progress with their settlement discussions; and

e.      In the event of reinstatement of litigation, requiring the parties to submit a joint status report within 30 days of the issuance of the order reinstating the litigation, setting forth their proposal for further proceedings and schedule for those proceedings.

7.      The granting of this joint motion does not impair or prejudice the rights or interests of either party in this case.  Further, it serves and promotes the public interest and the goals of judicial economy and efficiency.

WHEREFORE, the Parties respectfully request that their joint motion be GRANTED.

Respectfully submitted this 2nd day of June, 2008,

RONALD J. TENPAS
Assistant Attorney General

*/s/ Stuart S. Mermelstein, by*
*/s/ E. Kenneth Stegeby, pursuant to*
*written authorization on June 2, 2008*    */s/ E. Kenneth Stegeby*
STUART S. MERMELSTEIN    E. KENNETH STEGEBY
Herman & Mermelstein, P.A.    ANTHONY P. HOANG
18205 Biscayne Boulevard, Suite 2218    United States Department of Justice
Miami, FL  33160    Environment Division
Tel: (305) 931-2200    Natural Resources Section
Fax: (305) 931-0877    P.O. Box 663
    Washington, D.C.  20044-0663
PETER K. TOMPA    Tel: (202) 616-4119
U.S. Dist. Ct. # 413752    Tel: (202) 305-0241
Bailey & Ehrenberg, PLLC    Fax: (202) 353-2021
1155 Connecticut Avenue, N.W.
Suite 1100    Attorneys for Defendants
Washington, D.C.  20036
Tel: (202) 331-4150
Fax: (202) 318-7071

Attorneys for Plaintiff    OF COUNSEL:

THOMAS BARTMAN
Office of the Solicitor
United States Department of the Interior
Washington, D.C.  20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C.  20227

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 2, 2008, I electronically transmitted the foregoing

PARTIES' JOINT MOTION FOR CERTAIN RELIEF, AND [PROPOSED] ORDER to

the Clerk of the Court, using the ECF system for filing and transmittal of a Notice of

Electronic Filing to the attorneys listed on the ECF system for this case:

STUART S. MERMELSTEIN
Herman & Mermelstein, P.A.
18205 Biscayne Boulevard, Suite 2218
Miami, FL  33160

PETER K. TOMPA
Bailey & Ehrenberg, PLLC
1155 Connecticut Ave., N.W., Suite 1100
Washington, D.C.  20036

*/s/ E. Kenneth Stegeby*
E. KENNETH STEGEBY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TE-MOAK TRIBE OF WESTERN SHOSHONE INDIANS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 1:05cv02500-JR |
| DIRK KEMPTHORNE, et al. | ) ) | |
| Defendants. | ) ) | |

**[PROPOSED] ORDER**

This matter is before the Court on the Parties' Joint Motion for Certain Relief. Upon consideration of the joint motion and for good cause shown, it is hereby ordered that

1.      The joint motion should be and hereby is granted.

2.      The litigation of this case is temporarily stayed.

3.      This case is administratively closed, until further order of the Court, so the parties can conduct their informal settlement negotiations and associated work.

4.      The parties shall file a joint status report every 120 days, starting from the day of this Order.

5.      Either party or both parties may notify the Court in the event that either party or both parties believe they are unable to make further progress with their settlement discussions, whereupon the litigation will be reinstated;

6.      In the event of reinstatement of litigation, the parties shall file a joint status report within 30 days of the issuance of the reinstatement order, setting forth their proposal for further proceedings and schedule for those proceedings.

SO ORDERED.

Date: _____                    _____
                                       HON. JAMES ROBERTSON
                                       United States District Judge